**STATE of Tennessee, Appellant,**

v.

**Robert Glen McKINNEY, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 29, 1971.

Rehearing Denied Dec. 10, 1971.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Arthur T. Bennett and James G. Hall, Asst. Dist. Attys. Gen., Memphis, for appellant.

Hugh W. Stanton, Jr., Memphis, for appellee.

## OPINION

WALKER, Presiding Judge.

For failure of the State to grant a speedy trial, the trial judge dismissed an indictment charging the defendant with forgery and uttering forged papers. The State appeals.

In June 1964 a warrant was issued in Memphis charging the defendant with this offense but it was not executed because he had gone to Green Bay, Wisconsin. He was arrested there on a fugitive warrant and was released on bail. For a crime in Kentucky, he was brought there after his release in Wisconsin and tried, convicted and sentenced to ten years' imprisonment. On November 26, 1964, Shelby County officials placed a detainer against him in Kentucky.

After serving his Kentucky sentence, he waived extradition and was released to Shelby County officers September 17, 1969. After his release on bail in Shelby County October 31, 1969, he committed an offense in Jackson, was arrested there December 29, 1969, and is now confined at Fort Pillow State Penal Farm as a result of a conviction for the Jackson offense.

On January 9, 1970, the Shelby County grand jury indicted him for the 1964 offense. Authorities there placed a detainer warrant against him at the Tennessee prison in June 1970. He was arraigned in November 1970 and, represented by the public defender, filed, on December 4, 1970, this motion to dismiss the indictment. After hearing proof, the trial judge sustained it on December 15, 1970.

The defendant contended that he wrote two letters to Tennessee in 1966, the first addressed to the police judge asking the charges be dropped and the second addressed to the state prosecutor renewing this request and asking to be brought back for trial if this could not be granted. He says in April 1967 he sent a motion for a speedy trial to the criminal court clerk. He filed a copy of the motion he claims he sent.

The State offered testimony by several witnesses to the effect that a careful examination of their records had failed to disclose the receipt of any letters or the motion he claimed.

In his remarks at the time he sustained the motion to dismiss the indictment, the trial judge indicated he was unable to determine from the proof whether or not the defendant had sent the letters and the motion, saying that the defendant's claims may or may not be true and that he (the trial judge) had no way of solving them. He held, in substance, that the delay was inherently prejudicial and violated the defendant's constitutional rights without regard to whether or not the defendant demanded speedy trial. He relied on Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

We think the trial judge erred. On this motion the burden was on the defendant to show a demand for speedy trial. There is now a constitutional obligation imposed upon the states to make, upon demand of an incarcerated defendant, a diligent, good faith effort to bring him to trial. Smith v. Hooey, 393 U.S. 374, 89 S. Ct. 575, 21 L.Ed.2d 607 (1969). Dickey v. Florida (supra) is to the same effect.

To assert this right he must make a demand upon the court for a speedy trial. The detainer filed with the penal institution in Kentucky does not constitute this affirmative demand.

An accused's rights are not violated unless he can show prejudice resulting from an unreasonable delay by the state after trial was demanded. His right to a speedy trial under Smith v. Hooey and Dickey v. Florida (supra) does not come into effect until he makes a demand for a speedy trial.

If a prisoner, incarcerated in another state, is charged with the commission of another crime in this state and wishes to be tried on that charge, before his release, he must make a demand for trial upon the proper authorities. His rights are not violated unless he can show prejudice resulting from an unreasonable delay by the state after trial was demanded.

The judgment dismissing the indictment is therefore reversed and the cause is remanded for trial.

RUSSELL and O'BRIEN, JJ., concur.

ON PETITION TO REHEAR

WALKER, Presiding Judge.

The defendant has filed, pro se, a petition to rehear.

The petition raises no question and makes no argument or contention we overlooked in our original opinion. It is denied. See Rule 32.

RUSSELL and O'BRIEN, JJ., concur.